# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

FALL TERM....1840.

## Poer *versus* Peebles.

ERROR TO THE CLARKE COUNTY COURT.

*Attachment. Distress. Rent. County Court.*

JUDGE MARSHALL delivered the Opinion of the Court.

ATTACHMENT

Case 1.

October 12.

THIS attachment, in favor of Peebles against Poer, was issued on the 9th day of October, by a Justice of the Peace of Clarke County, and made returnable to the County Court of that County, on the statement of Peebles, on oath, that Poer had leased certain lands from him, for which he was to pay, as rent, one third of the crop, at the time when the corn should be ripe, (about the 15th of October;) and that he had just cause to suspect that Poer would remove his effects out of the county, before the said 15th day of October, &c.

Grounds of the attachment.

The attachment was levied by a Constable and returned to the Clarke County Court, in which, at the trial, the defendant moved to quash the attachment; but his motion was overruled, and the Court went on to hear the case, and pronounced a judgment agaist the defendant for fifty three dollars and ninety eight cents, the money value of the rent; for the satisfaction of which, the attached property was directed to be sold.

Judg't for plaintiff.

Besides other objections to the judgment and proceedings, which need not be stated, it is now contended:

Vol. I.                                    1

POER
vs
PEEBLES.

Objections to the judgment.

Attachment for rent before due, (where tenant is about to remove his effects,) lies only where distress lies afterwards.

1st. That the case made out, by the recitals of the attachment, do not authorize that mode of proceeding, and:

2nd. That if the case be proper for an attachment, the County Court had no jurisdiction to hear and determine it; but that the process should have been returned to the Circuit Court and the case there tried.

We are of opinion that both of these objections are valid, and either would be fatal.

The proceeding is founded exclusively upon the 7th section of the Virginia Act of 1748, "for the better securing the payment of rents, &c." Stat. Law, 1353. Upon the face of this section itself, it is very questionable whether the remedy by attachment, for rent not due, was intended to be given in any case in which the rent was not reserved in money or tobacco. But be this as it may, we think it clear that the remedy by attachment, where the tenant is about to remove his effects, before the rent is due, was intended to be given only in those cases in which the remedy by distress might be resorted to, if the rent were actually due. The case expressly provided for, is, where the tenant will remove his effects, &c. "so as no distress for the said rent can be made." The attachment was obviously intended to be given, where the removal of the tenants effects, before the expiration of the term, or the falling due of the rent might prevent the ordinary distress for rent in arrear, and not where, from the nature of the contract, the ordinary remedy by distress, could not be resorted to, though the tenants effects remained on the premises after the rent was due. And such is the effect of the statute at this time.

Whether then the remedy by distress for rent in arrear, would or would not, at the date of the act of 1748, have been applicable to a contract reserving rent in corn, as by virtue of the fourth section of the act 1811, (Stat. Law, 1356,) it certainly could not have been resorted to on the present contract after the rent became due; it follows, that the remedy by attachment, being given for the purpose of securing the rent, where the expected removal of the tenants effects would defeat the ordinary remedy by distress, is alike inapplicable. Indeed, as the attachment given by the statue of 1748, is substantially a dis-

tress for rent, before it is due, it might with some plausibility be contended, that the fourth section of the act of 1811, which declares " that distress for rent shall not hereafter be made, unless the said rent is reserved and payable in money," embraces directly, and therefore restricts expressly, the remedy by attachment, as well as that by the ordinary distress warrant.

But without relying or deciding· on the correctness of this construction, we are of opinion, that by the combined effect of the two statutes, the remedy by attachment is restricted to cases where the rent is payable in money; and that consequently, the attachment did not lie in the present case, and should have been quashed or dismissed on that ground.

> Distress or attachment, lies on ly for rent reserved in *money*.

This opinion concludes the present case, and renders it unnecessary to discuss or decide the second objection, as to the jurisdiction of the County Court. We will say however, on that subject, that in conformity with the view taken, in the case of *Parks* vs *Munford, 9th Dana,* of the statutes of this State, organizing the County Courts and other tribunals, and prescribing their respective jurisdictions, we are inclined to the opinion that the County Courts of this State have now no jurisdiction to hear and determine a case on an attachment for rent, reserved in money, where the demand is over five pounds. And that consequently, so much of the 7th section of the act of 1748, as makes such attachment for more than five pounds returnable to, and triable in the County Court, is no longer in force in this state.

> County Court, no jurisdiction of attachment for rents over 5 £.

The judgment is reversed, and the cause remanded with directions to dismiss the attachment.

*Hanson* for plaintiff.