BOYER *v.* JONES and Another.

Sections 3 and 83 of the act to provide for the assessment of taxes in *Indiana*, found in 1 R. S. p. 105, are constitutional.

APPEAL from the *Warren* Circuit Court.

WORDEN, J.—Action by the appellant against *Jones*, as auditor, and *Harris*, as treasurer of *Warren* county, to restrain them from the collection of a certain tax and pen-

alty assessed against him, upon property described in the complaint, as follows, viz.: "The amount of the share of the plaintiff, which he had in the estate of his mother, then deceased, and who resided in the city of *Philadelphia*, and state of *Pennsylvania*, and which consisted in bank stock and money at interest in said city of *Philadelphia*, and which said bank stock and securities for money at interest have never been in the state of *Indiana*." It was claimed that the property was not subject to taxation in this state.

A demurrer was sustained to the complaint below; and the plaintiff excepted, and appeals to this Court.

The act to provide for the valuation and assessment of real and personal property, &c., contains the following provisions:

"SEC. 3. All real property within this state, and all personal property owned by persons residing within this state, whether it is in or out of the state, and all personal property within this state owned by persons not residing within this state, subject to the exceptions hereinafter stated, shall be subject to taxation.    *    *    *

"SEC. 5. The terms 'personal property,' as used in this act, shall be construed to include    *    *    *    all moneys at interest, whether within or without the state; all public stocks, *Indiana* state stocks, stocks of other states and the *United States*, stocks in all railroads, plank-roads, &c., and in all moneyed and stock corporations, whether within or without this state." 1 R. S. p. 105.

It is not disputed that the statute authorizes the assessment and collection of the tax in question, the plaintiff being a resident of the state, if the provisions thereof applicable to this case be valid. But it is insisted that those provisions are unconstitutional and void. The counsel for the appellant, though insisting that the provisions in question are unconstitutional, has not pointed out any article or clause of either our state or the federal constitution, with which he claims they are in conflict; nor has he stated any proposition drawn from the spirit of either that is violated by the enactments under consideration.

It is said that the money and bank stock in question

might be taxed by the state of *Pennsylvania*, and thereby it would be twice taxed.

Supposing this to be so, it is not perceived how it would deprive the state of *Indiana* of the right to assess the tax upon a person residing within the state, or how it would affect the validity of our law. "The term 'taxes,'" say the Court in *Green* v. *Craft*, 27 Miss. R. 70, "includes all contributions imposed by the government upon individuals for the service of the state. The individual, and not his property, pays the tax. The property is resorted to for the purpose of ascertaining the amount of the tax with which the owner must be charged, and for the purpose of enforcing payment when the owner shall be legally in default in paying at the time stipulated by law." The proposition thus laid down we deem correct in general, but subject to some exceptions or qualifications. We do not think it necessary, for the purposes of this case, to determine how far, and for what purposes, personal property, situated out of the state, is governed by our law, the owner being domiciled here. The law in question operates upon the owner of the property, he being a resident, and can be enforced against him, although it have no extra-territorial effect— although in *Pennsylvania* it would be disregarded.

The practice of taxing a resident of a state for choses in action, or corporation stock, in another state, is no new thing, and has received the sanction of very respectable judicial tribunals.

Thus, in *The Commonwealth* v. *Hays*, 1 B. Mon. 1, it was said by the Court that "debts being of no place, but being. in general regarded as attendant on the person of the creditor, may be considered as property within this state, though the debtor reside out of the state. But even if considered as property out of the state, they are, at any rate, a part of the property of the resident citizen, a part of his resources, and a portion of the wealth of the state from which she has a right to derive a part of her revenue," &c. *Vide*, also, *Johnson* v. *The Commonwealth*, 7 Dana, 338.

In *Great Barrington* v. *The Comm'rs, &c.*, 16 Pick. 572,

one *Rosetter*, a resident of *Massachusetts*, had been taxed in that state for stock which he owned in a turnpike corporation in the state of *New York*. The stock of the corporation had been annually taxed in the latter state, and the question was, whether the tax assessed in *Massachusetts* was valid. The question turned partly upon a statute not so explicit and full as our own. The Court, in delivering their opinion, say: "All exceptions, &c., are now waived, except that which raises the question on the merits, namely, whether a citizen of this commonwealth, holding stock in a turnpike company in another state, is liable to be taxed for such stock in this state. * * * The tax act included, in its terms, all bank and insurance stock, and shares or property in any incorporated company for a bridge or a turnpike road. No exception is made of companies in other states, and the Court perceive no reason for raising any by implication." It will be seen by a note to the case, that the legislature afterwards removed any supposed uncertainty about the statute, by describing the taxables as "stocks in turnpikes, bridges, and all moneyed corporations, whether within or without the state."

The appellant insists that bank stock is not personal property. However it may be regarded generally, the statute above set out makes it such for the purposes of taxation.

We see no reason why the enactments under consideration, so far as they affect the case at bar, are not valid.

Another objection is made, however, to the ruling below. The plaintiff having refused to list the property in question, or swear to its value, fifty per cent. was added thereto, under the provisions of the 83d section of the act. This section is claimed to be unconstitutional; and it is, therefore, insisted that the treasurer should have been restrained from collecting the fifty per cent. thus added to the taxes by way of penalty.

This section is claimed to be unconstitutional upon the ground decided in some unnamed case in this Court. The case alluded to is supposed to be *The Madison, &c., Railroad Co.* v. *Whiteneck*, 8 Ind. R. 217. It was there held

that so much of the third section of the act of 1853, relative to compensation for animals killed or injured by a railroad company, as inflicts a penalty for appealing and failing to reduce the damages twenty per cent., was unconstitutional and void. The Court say: "The section, then, being special, and upon the practice of the law, is prohibited by that clause of § 22, art. 4, of the constitution, which provides that no such act shall be passed regulating the practice in Courts of justice."

We do not perceive any analogy between that case and the present; nor do we think there is any well founded objéction to the section under consideration.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler*, for the appellant.

*J. N. Brown* and *J. Park*, for the appellees.