THE STATE *ex rel.* FERGUSON, *Appellant* v. MOSS.

**Treble Taxation by way of Penalty for Fraud**: SUMMARY PRO-
CEEDINGS: TRIAL BY JURY: DUE PROCESS OF LAW. Section 34 of the
revenue law, (Wag. Stat., p. 1165,) provides in substance that upon
complaint from the assessor that any person has given in a false list
of his property for taxation, with intent to defraud, the board of
equalization shall notify the party of the charge, specifying the
particulars in which the list is alleged to be false, and shall fix a
time for a hearing, when the party shall have the right to appear
and defend; and if the charge is sustained, it shall be the duty of
the board to ascertain the true amount and value of all his property
subject to taxation, and, by way of penalty for furnishing the false
list, to assess a treble tax against him. The board of equalization
consists of the three judges of the county court, the county assessor
and the county surveyor, and its decision is final, except that for
error apparent upon the face of the proceedings *certiorari* will lie to
the circuit court; *Held,* that the act is not unconstitutional, either
as depriving the accused of the right of trial by jury, or as depriv-
ing him of his property without due process of law.

*Appeal from Howard Circuit Court.*—HON. G. H. BURCKHARTT,
Judge.

*Waters & Winslow, Shackelford* and *Herndon & Herndon*
for appellant.

This section, so far as it seeks the enforcement of a
penalty in the summary manner provided, is a palpable
violation of the constitution of the United States and of
this State: *First,* Because it deprives the accused of the
right to a jury trial. *Second,* Because it deprives him of
his property without due process of law. *Third,* Because
it puts him upon summary trial on a criminal charge, with-
out indictment found or presentment made, according to
the forms of law, and affords him no right of appeal.
*Fourth,* Because it fixes an arbitrary assessment upon his
property, and does not tax it in proportion to its value.

1. That the constitutional right of trial by jury is
and should be inviolable, no one denies; that a jury trial is
guaranteed, or even intended, by the above quoted section

cannot be pretended; and that the charge is criminal in its nature, involving the liberty and reputation, as well as the property of the accused, must be conceded. The inquiry involves the question of intent by the very words used, the offense is based upon perjury and the charge is, in its very nature, criminal. *Perry's petition*, 16 N. H. 44. That a case is presented which entitles the accused to a jury trial seems indisputable, even upon consideration of. the nature of the charge and the severity of the penalty alone. Our penal code is crowded with offenses of far less gravity than this, and yet no one has ever imagined that they could be punished otherwise than by a jury trial or its equivalent. Under the Federal tax laws, where these penalties are multiplied *ad nauseam*, they are only enforceable by indictment or information. *U. S. v. Maxwell*, 3 Dill. 275. And such seems to have been the course in the State courts. *State v. Welch*, 28 Mo. 600. And the general rule elsewhere. Cooley Tax., 315, note. Aside from this, the authority is direct and positive, and of a high order, that in cases like this the accused is entitled to a jury trial under the forms of law. *Carson v. Commonwealth*, 1 A. K. Marsh. 290; *State v. Allen*, 2 McCord (S. C.) 55.

2. That the property of the accused is taken to satisfy the penalty imposed by the statute is apparent, and the only question is, whether it is so taken by "due process of law." As to what is due process of law see *Clark v. Mitchell*, 64 Mo. 564.

3. The county board of equalization is constituted an appellate tribunal to determine appeals from the assessor, and to equalize the taxable property. It proceeds summarily in the exercise of its powers, and no appeal lies from its judgments. 2 Wag. Stat., (Ed. 1872) §§ 14, 20, pp. 1161, 1162. A writ of *certiorari* will not reach its action on the merits. *Hannibal & St. Joe. R. R. Co. v. State Board*, 64 Mo. 294; *House v. County Court Clinton Co.*, 67 Mo. 522; *State ex rel. v. Powers*, 68 Mo. 320. Upon this tribunal, in terms no less absolute, is conferred the criminal jurisdiction

provided in section 34, *supra.* Thus, a citizen, charged with delivering a false list of his taxable property, with intent to defraud, is arraigned before a tribunal unknown in the administration of the criminal code, put upon a summary trial without a jury, found guilty of a charge involving moral turpitude and the commission of a felony, denied the right of appeal, and his property taken to satisfy the penalty. This, we insist, is not the "judgment of his peers" guaranteed by the bill of rights. Cooley Tax., 315; *State v. Foulk,* 57 Mo. 461.

4. So far as section 34 provides a summary method of ascertaining and assessing the value of property fraudulently withheld it falls within the limits of the taxing power; and had the board in this case really assessed relator's property at three times its value, every presumption would have existed in favor of its action, and it might not have been successfully resisted; but when the law in terms gives the power, which is openly exercised, to treble the value after it has been ascertained, the result is treble taxation, which is not in proportion to its value. In other words, the penalty cannot constitutionally be embraced in the valuation of the property. *Town, &c., v. Gunyon,* 25 Wis. 271; *Lott v. Hubbard,* 44 Ala. 593; *McCormick v. Fitch,* 14 Minn 252.

*Major & Shafroth* with *R. B. Caples* for respondent.

That part of said section which is in question, is not in conflict with the constitutional provisions securing to every citizen before being deprived of life, liberty or property " trial by jury " and " due process of law." *Penn. R. R. Co. v. Lutheran Cong.,* 53 Pa. St. 445; *Buffalo, &c., R. R. Co. v. Ferris,* 26 Texas 588; *Haverhill Bridge v. Co. Com.,* 103 Mass. 120; *Dronberger v. Reed,* 11 Ind. 420; *Livingston v. Mayor,* 8 Wend. 85; *People v. Mayor,* 4 N. Y. 419; *McMasters v. Commonwealth,* 3 Watts 292; *Byers v. Commonwealth,* 42 Pa. St. 89; *New Orleans v. Cassidy,* 27 La. Ann. 704;

*Pullan v. Kinsinger,* 9 Am. Law Reg. 557; *Carondelet v. Picot,* 38 Mo. 130; *Willyard v. Hamilton,* 7 Ohio (pt. 2) 112; *Symonds v. Cincinnati,* 14 Ohio 147; *Harper v. Com. of Elberton,* 23 Ga. 566; *Rubottom v. McClure,* 4 Blackf. (Ind.) 505; *Hankins v. Lawrence,* 8 Blackf. (Ind.) 266; *Bloodgood v. Mohawk Co.,* 18 Wend. 9; *Baker v. Johnson,* 2 Hill 342; *People v. Hayden,* 6 Hill 359; *People v. Commissioners,* 5 Denio 401; *Rexford v. Knight,* 15 Barb. 627; *Swan v. Williams,* 2 Mich. 427; *Mason v. Kennebec Co.,* 31 Me. 215; *Board Co. Com. v. Morrison,* 22 Minn. 178; *Ligat v. Commonwealth,* 19 Pa. St. 456; *People v. Wells,* 12 Ill. 102; *Bradley v. N. Y. & N. H. Ry. Co.,* 21 Conn. 304; *R. R. Co. v. Middlesex,* 7 Met. 78; *McCarrol's Lessee v. Weeks,* 5 Hayw. (Tenn.) 246; *Crandall v. James,* 6 R. I. 144; *Rubey v. Huntsman,* 32 Mo. 501; *State ex rel. v. Maguire,* 47 Mo 35. The power to annex penalties for the perpetration of frauds in taxation, is necessarily involved in the power to impose and collect taxes. *Doll v. Evans,* 11 Am. Law Reg. 315; *s. c.,* 15 Inter. Rev. Rec. 143; *Butler v. Baily,* 2 Bay 244; *Gennin v. Auditor,* 18 Ohio St. 534; *Gachet v. McCall,* 50 Ala. 307; *Scott v. Watkins,* 22 Ark. 556; Cooley on Tax., 309; *Bartlett v. Kane,* 16 How. 269; *Murray v. Hoboken Land Imp. Co.,* 18 How. 282; *Myers v. Park,* 8 Heisk. (Tenn.) 550; *Cowles v. Brittain,* 2 Hawks 204; *McMillan v. Anderson,* 95 U. S. 37; *s. c.,* 5 Cent. Law Jour. 445; *Davidson v. New Orleans,* 96 U. S. 97; *s. c.,* 6 Cent. Law Jour. 252; *State v. Welch,* 28 Mo. 600; *State v. Auditor,* 47 Mo. 29; *State v. Utter,* 33 N. J. L. 183; *Commissioners v. Seabrook,* 2 Strob. (S. C.) 560; *Craig v. Flanagin,* 21 Ark. 319; *Pope v. Macon,* 23 Ark. 644; *Donovan v. Ins. Co.,* 30 Md. 155; *State v. Hamilton,* 5 Ind. 310; *High v. Shoemaker,* 22 Cal. 363; *People v. Todd,* 23 Cal. 181; *State v. Bell,* 1 Phil. (N. C.) 76; *Winnisimmet Co. v. Chelsea,* 6 Cush. 477; *Mulligan v. Hintrager,* 18 Iowa 171; *Deane v. Todd,* 22 Mo. 90; *Colman v. Shattock,* 62 N. Y. 348; *Bristol v. Chicago,* 22 Ill. 587; *C. & R. I. Ry. Co. v. Reidy,* 66 Ill. 43. Nor does this section violate the constitutional provision that

" all property subject to taxation shall be taxed in proportion to its value." *Myers v. Park*, 8 Heisk. (Tenn.) 550; Cooley on Tax., 124, 127.

NORTON, J.—This is a proceeding by *certiorari* at the relation of James Ferguson to review the action of the county board of equalization of Howard county in assessing the property of relator under the provisions of Wag Stat., sec. 34, p. 1165, for taxation. The only question pre sented by the record for our determination is the constitutionality of said section, which is as follows:

Section 34. If any person shall, with intent to defraud, deliver to any assessor a false list of his property, it shall be the duty of the assessor to give notice in writing thereof to the said county board of equalization; and the said board shall, on receiving such notice, give notice thereof to the person who shall have furnished such false list, which notice shall specify the particulars in which said list is alleged to be false, and shall fix a time for a hearing of the matter, on which day the person aforesaid shall have the right to appear and defend against said charge; and if it appear that such person is not guilty as charged, the said board shall dismiss the matter; but if it appear that such person is guilty as charged, it shall be the duty of said board of equalization to ascertain the true amount and value of all property of such person subject to taxation, and to tax the same as similar property of other persons is taxed, and in addition shall, by way of penalty for furnishing such false list, treble the amount of taxes thus ascertained against such person; and such person shall be required to pay such treble amount, and shall, in addition thereto, be liable to be punished for perjury.

It is argued by counsel for relator with great plausibility and with some authoritative support, that the above section is obnoxious to those provisions of the constitution securing to every person " trial by jury," and due process of law before being deprived of life, liberty or property.

The consideration of this question involves the taxing power, and what it may lawfully do in assessing and levying taxes, and providing means for their collection. It may be observed, generally, that all taxation is imposed for the benefit of the person taxed. When imposed for general revenue, it is for protection afforded him both in his person and property. Such taxes will always become odious if they are to be borne by the honest and well disposed citizens alone, and avoided through fraudulent evasions of the law in not returning their property for assessment, or paying the taxes when levied, by those who are willing to receive the protection of the government without paying any of the cost of conducting it or bearing their due proportion of its burdens. It was, doubtless, the recognition of this principle which induced the enactment in question with its severe penalty for attempted evasions of the law.

The validity of such enactments, we think, is sustained by the highest authority. Mr. Cooley, in his work on taxation, page 298, observes: " Very summary remedies have been allowed in every age and country for the collection, by the government, of its revenue; they have been considered a matter of State necessity. Without them it might be possible for defeated and dissatisfied persons to cripple and possibly to break up the government by depriving it of the resources for continuing its existence, until they could be gathered in by the slow processes which are available to private parties. The invaluable principles of the common law are not supposed to be violated by a resort to summary proceedings in these cases. Summary processes are not necessarily unjust. They would be so if they deprived a party of a hearing, or if they precluded the opportunity for a patient and deliberate examination of the questions upon which his rights depend before such rights could be finally concluded and cut off."

The methods which have been provided for collecting taxes under our statute, are by suit, by arrest of the person taxed, by distress of the goods and chattels, by taking

possession of goods and chattels till the taxes are paid, or selling them for taxes, by imposing penalties for non-payment, by forfeiting to the government the property upon or in respect to which the tax is payable, by making payment a condition to the exercise of some lawful right. " Tax penalties are imposed for mere delinquencies, in order to hasten payment, and also as a punishment for frauds, evasions and neglect of duty. In some cases they are imposed by the taxing officers, in others they are recovered by suit or indictment. When lists or statements are required to be furnished as a basis for taxation, the privilege of being heard in abatement of the tax is sometimes taken away as a penalty upon the tax-payer for not furnishing it. There are some cases in which a right to impose a penalty, except upon a judicial investigation by a competent court, has been denied as being the imposition of a punishment without trial. But when the penalty is imposed in the course of the proceedings to assess, and by officers who, for that purpose, exercise a *quasi* judicial authority, and when the party is given an opportunity to be heard and contest his delinquency either before the assessing officer or in some form of appeal, the imposition of a penalty does not seem to be out of harmony with the general spirit of tax proceedings, and perhaps may be sustained on the same principles that support tax laws in general." Cooley on Tax., 309, 314. The act in question conforms to the principles thus announced. It does not authorize condemnation without a hearing, but on the contrary, expressly provides that the penalty therein declared for the delivery, by the tax-payer, of a false list of his property, shall not be imposed till such tax-payer has been served with notice, which shall specify the particulars in which said list is alleged to be false, and shall fix a day for hearing the matter, when such tax-payer shall have the right to appear and defend against such charge. It also provides that the complaint shall be heard by a board of equalization, composed of the county court, assessor and surveyor

It may also be said that while an appeal is not allowed from their decision, their proceedings may be reviewed either by the circuit court or this court on *certiorari*, and if when the record is presented error appears from the face of it, they may be set aside and annulled. A delinquent tax-payer, against whom a penalty has been thus adjudged may be said to have had the full benefit of "due process of law."

The validity of the act is fully supported by the authority above referred to, and the summary method it provides for the imposition of the penalty may be likened to those acts of the General Assembly authorizing in a summary way and without a jury, the condemnation of private property for railway and public purposes, which this court, in repeated decisions, has upheld. It not only thus finds support, but similar acts have been sustained by numerous adjudicated cases both in our own State and other States having constitutions like our own. In *State ex rel. v. Auditor*, 47 Mo. 29, an act imposing a penalty of ten per cent. on delinquent tax-payers, was sustained. In *Butler v. Baily*, 2 Bay (S. C.) 244, a law was upheld which authorized a double tax when the tax-payer did not make a proper return agreeably to the general tax act. In case of *Gennin's Exer. v. Auditor*, 18 Ohio St. 534, held that when a person makes a false return of his property for taxation, a law authorizing the auditor to ascertain the true amount of the property liable to taxation, and to add fifty per centum on the amount so ascertained, was not invalid. In *Boyer v. Jones*, 14 Ind. 354, when the tax-payer refused to list his property, an act authorizing the addition of fifty per cent. was held to be constitutional. Held in the case of the *City of New Orleans v. Cassidy*, 27 La. Ann. 704, that a suit for the recovery of taxes was summary, and that such cases are not to be submitted to a jury. In the case of *Gachet v. McCall*, 50 Ala. 307, the court recognizes the validity of a law providing that when the assessor fails to procure from the tax-payer a list of his property, he shall ascertain the

amount of property liable for taxation, and assess a double tax upon the same. Acts similar in principle to the one in question have been sustained in the cases of *Myers v. Park*, 8 Heisk. 550; *Bartlett v. Kane*, 16 How. 269; *Murray's Lessee v. Hoboken Land Imp. Co.*, 18 How. 282, and in numerous other cases cited in defendant's brief.

We have been cited by counsel for relator to cases in which views are expressed opposite to those in the cases referred to, the most notable of which is the case of *Carson v. Commonwealth*, 1 A. K. Marsh. 290. Even in that case the law imposing a treble tax on a delinquent tax-payer for making a false list of his taxable property, was not condemned, the court simply holding that the question as to whether the list furnished was false, was triable by jury, and because a jury was demanded by the tax-payer and refused, the judgment was reversed and cause remanded, to be thus tried. In the case before us no demand was made for a jury, and hence the question raised in that case is not in this, and if it were, we are of the opinion that, under the authorities and general principles governing such cases, the board of equalization could try it without the intervention of a jury. Judgment affirmed. All concur except Judge HENRY, not sitting.

AFFIRMED.