## THE STATE ex rel. Ward v. ATCHISON et al., Appellants.

### Division One, March 18, 1903.

**Taxation:** FALSE RETURN: DECEASED TAXPAYER. The penalties of treble taxation prescribed in section 9150, Revised Statutes 1899, against any person who, with intent to defraud, delivers a false list of his property to the assessor, can not be assessed against the estate of one who died after such statement was made and before hearing before the board of equalization.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Thomas W. Walker* and *W. S. Herndon* for appellants.

(1)  The pecuniary punishment, imposed by the statute, for making a false assessment list, with intent to defraud, is a civil liability.  The penal part of the statute is enforcible by indictment.  State v. Cannon, 79 Mo. 346; State ex rel. v. Moss, 69 Mo. 499.  If the right to enforce the provisions of section 9150, survived the death of John Ward, then the board of equalization had jurisdiction, their action is final, and not subject to review by the circuit or any other court.  Britton v. Steber, 62 Mo. 373; State ex rel. v. Hoyt, 123 Mo. 356.  (2)  The merits of the controversy can not be inquired into in certiorari proceedings.  No evidence is

required to be preserved, and hence it can not be examined. Nothing but the record is brought up. Railroad v. Board of Equalization, 64 Mo. 294; State ex rel. v. Board of Equalization, 108 Mo. 235. (3) The act of John Ward in giving a fraudulent and false assessment list of his property to the assessor, during his lifetime, created a cause of action in favor of the State, under the law, that is, a right to enforce the provisions of section 9150. It was a wrong done the property rights and interests of the State, i. e., it deprived it of its revenue. It was a pecuniary benefit and a source of profit to John Ward. After his death, it was a pecuniary benefit and a source of profit to his estate. Therefore, the cause of action survives, not only to the extent of the benefit to the estate, but also to the civil remedy of treble taxation given by the statute. Sec. 96, R. S. 1899; Wiener v. Peacock, 31 Mo. App. 242; Baker v. Crandall, 78 Mo. 524; Roberts v. Nelson, 86 Mo. 21; James v. Christy, 18 Mo. 162; Higgins v. Breen, 9 Mo. 497; Davis v. State, 119 Ind. 555; Genin v. Belmont Co., 18 Oh. St. 534. (4). The rule that personal actions die with the person, applies only to actions affecting the person of the parties, as assault and battery, slander and false imprisonment. Roberts v. Marsen, 23 Hun (N. Y.) 486; Haight v. Hayt, 19 N. Y. 274. The rule has been modified in some jurisdictions, to the extent that where any pecuniary advantage has accrued to the defendant, the action survives where the action was merely personal. U. S. v. Daniel's Exec'rs, 6 How. 11; Pitts v. Hale, 3 Mass. 321; Cravath v. Plymton, 13 Mass. 250; Wilbur v. Gilmore, 21 Pick. (Mass.) 250; Watson v. Loop, 12 Tex. 11.

*E. J. Smith* for respondent.

(1) A proceeding under section 9150, Revised Statutes 1899, is criminal in its nature, and abates at the death of the person who violates it. It is clear that there is no violation of this statute unless the "list" is not only a false list, but made "with intent to defraud." An indictment founded on section 9150, in order to be

good, must allege in substance that it was a false and fraudulent list of taxable property; also give in general terms at least, a description of the property omitted from the list. State v. Welch, 28 Mo. 600. Also that the party charged made such list with the intent to defraud. State v. Foulks, 57 Mo. 461. The section is not an infraction of the Constitution by reason of constituting the board of equalization a tribunal for the purpose of determining as to the guilt or innocence of a party charged with a violation of its provisions; and for such violation with the assessment of the treble taxation penalty. State ex rel. v. Moss, 69 Mo. 495. The manifest intention of the section is to provide a punishment for a taxpayer who delivers to the assessor a false tax list with an intent to defraud. State v. Ebbs, 89 Mo. App. 95. (2) A criminal case abates upon the death of the defendant. State v. Perrine, 56 Mo. 602; State v. Woods, 56 Mo. App. 55. A prosecution for violation of a city ordinance abates upon the death of the defendant. Town of Carrollton v. Rhomberg, 78 Mo. 547. It has been decided by the higher courts of this State as well as others, ''That in the absence of a statute to the contrary all actions arising *ex delicto* die with the person by whom or to whom the wrong was done. Such for instance as trespass, trover, deceit, etc., where the plea must be not guilty.'' Melvin ex rel. v. Evans, 48 Mo. App. 426; Hegerick v. Keddic, 99 N. Y. 258; Stebbins v. Palmer, 1 Pick. 71; Pitts v. Isom (Ga.), 56 Am. Dec. 420; Cowan v. Campbell, Adm., 66 Am. Dec. 184; Schreiter v. Sharpless, 17 Fed. 589; U. S. v. De Goer, 38 Fed. 80; Fairley v. Davis, 6 Ala. 375; Willis v. Byrne, 106 Ala. 425; Little v. Conant, 19 Mass. (2 Pick.) 527; Yarter v. Flagg, 143 Mass. 280; Reynolds v. Mason, 54 How. Prac. 213; Estes v. Lenox, 1 N. C. 72; Mason v. Ballew, 35 N. C. 483; Governor v. McManus, 30 Tenn. 152. It is also decided that where a statute is penal it should be strictly construed. State to use v. Railroad, 19 Mo. App. 104; Parish v. Railroad,

63 Mo. 284. Tax laws must also be strictly construed under the decisions of this State. State to use v. St. Louis County Court, 13 Mo. App. 53; 84 Mo. 234; and especially should that be done in this case. (3) The authorities cited by appellants to sustain their third proposition, namely, State v. Cannon, 79 Mo. 343, and State ex rel. v. Moss, 69 Mo. 495, are not in point. The former simply decides that a party guilty of a violation of section 9150 may be proceeded against both by the board of equalization and on indictment in the circuit court, and that each tribunal in its proceeding is independent of the other; and there is no doubt about the section authorizing that; but the penalty inflicted in this case is only to be applied to those who are found guilty of fraudulent intent and therefore it is criminal in its nature. The latter, State ex rel. v. Moss, 69 Mo. 495, merely holds that the section is constitutional, as heretofore stated.

BRACE, P. J.—This is an appeal from a judgment of the circuit court of Clinton county, in a proceeding in that court by certiorari, quashing a record and proceeding of the board of equalization of said county.

By section 9150, Revised Statutes 1899, it is provided that: "If any person shall, with intent to defraud, deliver to any assessor a false list of his property, it shall be the duty of the assessor to give notice in writing thereof to the said county board of equalization; and the said board shall, on receiving such notice, give notice thereof to the person who shall have furnished such false list, which notice shall specify the particulars in which said list is alleged to have been false, and shall fix a time for a hearing of the matter, on which day the person aforesaid shall have the right to appear and defend against such charge; and if it appear that such person is not guilty as charged, the said board shall dismiss the matter; but if it appear that such per-

son is guilty as charged, it shall be the duty of said board of equalization to ascertain the true amount and value of all property of such person subject to taxation, and to tax the same as similar property of other persons is taxed, and in addition shall, by way of penalty for furnishing such false list, treble the amount of taxes thus ascertained against such person; and such person shall be required to pay such treble amount, and shall in addition thereto be liable to be punished for perjury.''

On September 29, 1899, John Ward, late of .said county, deceased, gave a list of his taxable property to Phillip V. Bowman, the assessor of said county, and afterwards on November 12, 1899, died intestate, and the respondent became his administratrix. Afterwards on April 14, 1900, the said assessor gave notice in writing to the board of equalization of said county, that the said John Ward did, on said 29th day of September, 1899, with intent to defraud, deliver to said assessor a false list of his property, in this: ''That said list contains, 'for other personal property, sixty dollars; money, notes, twenty-five hundred dollars,' when in truth and in fact the said John Ward was on the first day of June, 1899, the owner of additional personal property which he failed to list, as follows: money, notes thirty thousand, nine hundred and sixty-nine dollars and forty-three cents, as shown by the records in the probate office of said Clinton county, Missouri.''

Thereupon the board ordered that said matter be heard on April 19, 1900, and that a copy of said notice and order be served upon the respondent administratrix, to appear before the board on that day to answer the charge, which on the same day was served on said administratrix, and on April 19, 1900, she appeared by attorneys before the board, for the purpose of the motion only, and moved that the proceeding be dismissed on the following grounds:

"First. Because this is a proceeding to enforce a penalty wherein the party against whom the charge is made is dead.

"Second. Because there is no statute authorizing this proceeding against the estate of the decedent for a personal violation of the law, even where there has been a violation of law.

"Third. Because this proceeding, as well as all other penalties under the statute for giving a false list for assessment, can only be brought against the individual who makes such false list, and in this case, the party charged is dead.

"Fourth. Because there was not sufficient notice of the charge herein given, or any notice given to the deceased.

"Fifth. Because the board of equalization has no jurisdiction of this matter, nor of the administratrix herein."

The motion was overruled; the said John Ward was found guilty of the charge; that the true amount of all his property on the first day of June, 1899, was thirty-three thousand five hundred and twenty-nine dollars and forty-three cents; and it was ordered that treble that amount be placed on the personal assessment book for the taxes of the year 1900. Upon the record of the proceeding being brought before the Clinton Circuit Court on certiorari, the same was quashed, and from the judgment of that court this appeal was taken by the board of equalization.

(1) In support of appellant's contention that this proceeding before the board of equalization is authorized by the section of the statute quoted, the case of State ex rel. Ferguson v. Moss, 69 Mo. 495, in which it was held to be constitutional, and State v. Cannon, 79 Mo. 343, in which it was held that on the trial of a taxpayer for perjury under this section it was not necessary to his conviction that he should first have been found guilty by the board of equalization, are cited, all

of which may be conceded. And in further support thereof section 96, Revised Statutes 1899, providing for the survival of certain *civil* actions *ex delicto* which formerly abated by death under the common law, and cases on this subject, are cited. But in the view we take of this case, these authorities are not in point, and the argument based on them need not be reviewed. This section, *in its present form,* has been on our statute books since 1865. [G. S. 1865, p. 102, sec. 25; R. S. 1879, sec. 6691; R. S. 1889, sec. 7537.] By its terms, plain, simple and unequivocal, a public offense is created, defined, and the punishment therefor prescribed; a criminal offense, one of the highest grade, a felony. The crime is a heinous one, and the punishment severe, and the penalties therefor can not be inflicted on any person who has not been duly charged therewith, tried, and convicted thereof, in manner and form as prescribed by law. It goes without saying that a dead man can not be so charged, tried and convicted. The fact that before all the penalties of the crime can be visited upon the culprit he must be twice tried and found guilty, and before different tribunals, and that the proceeding in the one is in no way connected with or dependent on the other, in no way affects or changes the nature of the offense or the character of the proceeding in either; in both it is essentially criminal, and for the offense, under this statute, a dead man can no more be tried and convicted before the board of equalization than he could be tried and convicted as for perjury in the circuit court. This law has been upon our statute book, *in one form or another*, ever since the organization of the State government, and has never assumed any other aspect. [R. S. 1855, p. 1331, sec. 28; R. S. 1845, p. 932, sec. 20; R. S. 1835, p. 532, sec. 15; 2 Laws of Mo. 1825, p. 667, sec. 10; 1 Mo. Ter. Laws, 1804-24, p. 734, sec. 9].

The judgment of the circuit court ought to be affirmed, and it is so ordered. All concur.