Caldwell, J.
It is contended, on the part of the defendant, that the demurrer was properly sustained, because the declaration shows a case of partnership; and, therefore, the plaintiffs must seek their remedy in a court of chancery. We do not think the case made in the declaration, comes within the general rule that requires partners to seek redress, against each other, in chancery. No part of the object which induced the parties to enter into the contract, had been accomplished by them — no accounts made that required settlement. It is a suit brought solely to recover damages for a breach of the partnership articles. In Story on Partnership, page 319, sec. 218, it is said: “ Wherever there is an express stipulation in the partnership articles, which is violated by any partner, an action at law, either assumpsit .or covenant, as the case may require, will ordinarily lie to recover damages for the breach thereof.” We think it a proper case for a court of law. It is contended that the declaration is demurrable, because the suit is- brought *534 by the plaintiffs jointly, upon a several contract. Now we ¡know nothing of the terms of the contract, except what is stated in the declaration. It is alleged to be in the hands of defendant Blair. The declaration speaks of the parties agreeing in writing, that they should be a company in obtaining and performing this job; and that each was to bear his share of the expense, and to receive an equal share of the profits, etc. We think the declaration sets forth a contract both joint and several.
Another objection is, that Cary and Hyatt are not parties to the action. Cary and Hyatt, although parties to the contract, we think could not be parties to this suit. Before the work commenced, as can be fairly inferred from the declaration, they sold out, each his one-sixth of the right to the contract, to Blair. They have no cause of complaint against either party; nor can either party complain of them. They have not broken the contract, nor has either of the parties broken it with them. They cannot maintain a suit ■ against Blair, because Blair admitted to them their rights under the contract, and paid them what they were willing to take for those rights. The plaintiffs cannot maintain a suit against them, because they only claimed and received what they had a right to, under the contract — ^ the same that the plaintiffs are claiming in this suit. We think then, as they sold out before the work was commenced, and as all parties have acquiesced in that arrangement, they are properly left out of the case.
Another objection set forth by the special demurrer is, that it is not stated at what time the offer of the plaintiffs to perform their part of the contract was made.
It is a rule in pleading, that every material fact which is issuable and triable must be averred to have happened at a certain time and place, although it is not generally necessary to prove the time as laid. In this instance it was necessary that the plaintiffs should allege an offer to perform the contract on their part, and it was also necessary that that offer should be made in a reasonable time. The averment in the declaration *535 is, that immediately after the job was awarded, etc., they offered, etc. Now it is true that if the plaintiffs, immediately after the award, made this offer and demand, it would, so far a3 time is concerned, be a good offer of performance. Still we believe it to be an inveterate rule of pleading that when an important issuable point, standing out by itself, has to be alleged, that a day on which it happened should be stated. This is the only defect that we have discovered in the declaration.
We think the common pleas decided right in sustaining the demurrer.

The judgment will he affirmed.