Minshall, J.
The proceeding below purports to be a petition in error to - the auditor of Scioto county, the auditor being made the defendant. This seems a little novel. The court rendering the judgment is not ordinarily made the defendant in a proceeding to reverse it. But this novelty must be recognized in practice if this proceeding can be maintained. We do not think it can.
A court can only review the judgment of a court on a proceeding in error. In Logan Branch Bank ex parte., 1 Ohio St., 433, an appeal was taken by the bank from a decision of the auditor of state affectingit to the supreme court under the provision of a statute expressly authorizing such an appeal. This court has such appellate jurisdiction as *471 may be conferred on it by law. The court dismissed the appeal on the express ground that it could not entertain it. The court held that the auditor did not act judicially as a court and an appeal can only be had from one court to another.
A proceeding in error is in the nature of an appeal — in fact invokes appellate jurisdiction. The holding in this case is in accordance with the established construction of appellate jurisdiction. •Story in his work on the constitution, section 1761, says:. “The essential criterion of appellate jurisdiction is that it revises and corrects the proceedings in a cause already instituted, and does not create that cause. In reference to judicial tribunals, an appellate jurisdiction, therefore, necessarily implies that the subject-matter has been already instituted in, and acted upon by some other court whose judgment or proceedings are to be reversed.” See also, Elliot’s App. Proc. §§ 16 and 17.
The auditor of a county under sections 2781 and 2782 Rev. Stat., does -not act as a judge. He is required to inquire and may take evidence to inform his mind and must use his best ‘judgment in the matter; but, in all this, he does not act judicially within the meaning of the constitution, that all judicial power is conferred on its courts. If he did, then the statute would be invalid, for he is not created by law and elected as a judge. The power to hear and determine, however much judgment and discretion is required, does not, of itself, 'make a judge, in the judicial sense.; The power simply indicates jurisdiction in the officer of the question to be heard and determined; whether the power conferred is judicial or not depends not only .upon' the nature and character of *472 the question, but upon the manner and circumstances under which it is to be determined. All ministerial officers are required to exercise more or less consideration and judgment in the performance of their duties. In Murray v. Land Improvement Company, 18 How. (U. S.), 272, it was held that the power conferred by an act of congress on an auditor of the treasury to audit and ascertain the amount due from a collector of customs and on which a distress warrant may be issued and levied on the property of the delinquent by the solicitor of the treasury, does not confer judicial power on the accounting officer, within the meaning of the national constitution, conferring judicial power on its courts; nor did it violate the guaranty of due process of law, though no notice is required to the delinquent. It is said in the opinion, “that the auditing of the accounts of- a receiver of public moneys may be, in an enlarged sense, a judicial act, must be admitted. So are all those administrative duties, the performance of which involves an inquiry into the existence of facts and the application to them of rules of law.” The opinion was delivered by Justice Curtis, and is remarkable for its research and ability. State ex rel v. Hawkins, 44 Ohio St., 98, 109.
Judicial powers are those conferred on judges as courts in the hearing- and determination of questions arising in litigation between parties in actions pending before them. State ex rel. Harmon, 31 Ohio St., 250; DeCamp v. Archibald, sheriff, 50 Ohio St., 618, 624; Elliot, Appellate Procedure, section 8. Ex parte actions are only a seeming exception to this rule. In habeas corpus for instance the proceeding though styled ex pande, is, in fact, a proceeding between a party claiming his *473 liberty, and the person claiming the right to restrain him of it. In short, judicial power is the power exercised by courts in hearing and determining cases before them, or some matter incidental thereto, and of which they have jurisdiction. Such powers cannot be conferred on a ministerial officer. A county auditor cannot be empowered to hear and determine an issue between A and B as to title to land, or to a horse, or as to whether A should recover of B a certain sum of money. These are judicial questions and can only be determined in a proper proceeding by a court. But as to whether a certain tract of land, or a horse, is owned by A, and should be taxed as his property, or that B owes A a certain sum of money which should be returned by A as a “credit,” are different questions; and, however much inquiry and consideration may be involved in their determination, he determines no question of title as between adversary parties that is binding on them. Therefore a county auditor under the sections above referred to, in making additions to the returns of a person of his property for taxation, does not act as a judge. He acts simply as an agent of the state in the valuation and assessment of property of its citizens for the purpose of taxation. He is simply a ministerial officer and none other. His proceedings under these sections make a prima facie ease for the collection of the tax based on the additions. The citizen cannot be heard to allege any want of due process of law in the matter, any more than he could of the returns of a township assessor. The township assessor, the auditor and the board of equalization are all parts of the same system, devised by the legislature for the assessment of the property of individuals for the purpose *474 of taxation. The law provides the individual an adequate remedy where any injustice has been done, or where he thinks it has been done. Section 5848, Revised Statutes, expressly provides that courts of common pleas and superior courts shall have jurisdiction to enjoin the illegal levy of taxes or assessments or the collection of either. Such provisions, have uniformly been held to afford the citizen an adequate remedy against any unjust or illegal tax or assessment. Cooley on Taxation, 49, 51. McMillen v. Anderson 95 U. S., 37; Hager v. Reclamation District, 111 U. S., 701; Davidson v. New Orleans, 96 U. S., 97; Adler v. Whitbeck, 44 Ohio St., 539, 568. In McMillen v. Anderson it was held that the revenue laws of a state do not violate t-he amendment, guaranteeing due process of law, “although they do not provide that the person shall have an opportunity to be present when the tax is assessed against him, or that the tax shall be collected by suit;” and that “a statute which gives a person against whom taxes are assessed a right to enjoin their collection, and have their validity judicially determined, is due process of law, notwithstanding he is required, as in other injunction cases, to give security in advance.” In view of this statute and the propriety and adequacy of the remedy afforded, there is no ground for holding that it was the intention of the legislature, that the acts of the auditor, in making additions to the returns of an individual of his property for taxation, should be reviewed on error in the common pleas, or any other court.
If it be asked, what was the purpose of the provision requiring the auditor to file in his office a statement -of the facts or evidence on which he *475 acted, it may be replied that it could not have been for the purpose of a review by the courts in a proceeding in error, or more would have been required than to simply “file” it in his office. If that had been the purpose it would certainly have provided for the taking and filing of bills of exceptions, setting forth the evidence, and the making of a record. It was most probably designed as information to the tax payer; and also, as a check on inconsiderate haste; as men always act with more care, when they are required to state their reasons.
In the remedy by injunction the court exercises an equitable jurisdiction. Mere irregularities are of no importance, unless they affect the substantial rights of the plaintiff: Notice must be given for the statute requires it; but it is not important how the notice is served, if the party have a- fair opportunity to be heard before the auditor placed the additions upon the duplicate for collection. The court may enjoin the whole tax, or part of it, or remit the penalty, as the facts and justice of the case may require. The suit' affords every remedy the citizen can require, consistently with the interests of thé state, which cannot be delayed in the. collection of its revenue without more or less embarassment to all the public interests. “Administrative process of the customary sort is as much due process of law as judicial process. We should meet a great many unexpected and very serious embarassments in government if this were otherwise.” Cooley, J., in Weimer v. Bunbury. 30 Mich., 201.
The intense feeling exhibited by counsel for the defendant in error in his brief against the law, would be more than justified, if its enforcement could only produce the injustice and wrong, so se *476 verely denounced. But in view of the fact that it is simply designed, not to make one pay more than another, but to compel all to contribute proportionately from their property to the support of a common government, there seems little ground for the severity of his arraignment of the law and those concerned in its enforcement.
Reliance is placed on Haff v. Fuller, 45 Ohio St., 495, and Lewis v. Laylin, 46 Ld. 663. These eases, as will be shown, must be confined to their particular facts. The first was a suit to enjoin the construction of a ditch. In such cases records are required to be made and kept of their proceedings ; and it was there held that a proceeding in error is the proper remedy, where the defects complained .of are apparent on the face of the record, and that injunction is only proper where they do not, and have to be supplied by averment. The same may be said of Lewis v. Laylin. It grew out of a road improvement under the two mile law; and the assessments were questioned on irregularities in the proceedings, and averments made of matters aliunde the record. The only evidence introduced of the irregularities charged, was the record itself; these the court regarded as of no consequence, and remarked that the case could be disposed of for this reason on the decision of the former case. In Genin's Executor v. Auditor, 18 Ohio St., 534, no question was made or considered by the court as to the review of the proceedings of the auditor on error. The question passed sub silentio, a,nd the case is therefore, not. authority on the point.
Authority for a proceeding in error in such cases is based upon the clause in section 6708, Revised Statutes, conferring jurisdiction in error on the *477 court of common pleas to review the judgments of justices of the peace and probate courts; and by which it is extended to “any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the court of common pleas.” This clause of the section, so far as it relates to ministerial officers, is open to the objection on which Logan Branch Bank, ex parte, was decided. This case is sound in principle, and should not be departed fro.m further than has been done in the two preceeding cases. The above clause in section 6708 cannot be applied to cases coming within the provisions of section 5848, Revised Statutes, affording a remedy by injunction against the collection of illegal taxes and assessments. On well settled principles of construction, the provisions of this section must be excepted out of the generality of the language used in section 6708. If not, a statute, highly remedial, would, in a measure, be emasculated.
We are therefore of the opinion that there was no authority for the commencement of the proceeding in error in the common pleas, and that the judgment of the common pleas and of the circuit court should be, and are reversed, and that the petition in error in the common pleas be dismissed.

Judgment accordingly.