## ASSESSMENT FOR TOWNSHIP DITCH IN EXCESS OF BENEFITS.

Common Pleas Court of Fairfield County.

STEMEN V. HIZEY ET AL, TOWNSHIP TRUSTEES. *

Decided, May 16, 1908.

*Ditches—Assessment for, in Excess of Benefits—Where Ditch was Made by Township Trustees—Remedy—Jurisdiction—Injunction —Sections 6708 and 4491.*

Where the assessment for a township ditch is in excess of the benefits conferred, its collection may be enjoined, notwithstanding the trustees had jurisdiction to order the improvement and all the proceedings were regular.

*W. H. Lane and C. O. Beals,* for plaintiff.
*C. W. McCleery,* for defendants.

REEVES, J.

Heard on demurrer to the petition.

This is an action to enjoin an assessment against the plaintiff, and also an order requiring him to make a certain portion of a township ditch, known as the Benoni Stemen ditch described in the petition.

To the petition a demurrer is interposed, and the question is raised that this plaintiff is not entitled to maintain his action in equity for an injunction, because he has an adequate remedy at law. It is claimed that under the provisions of Section 6708, Revised Statutes, that the plaintiff has an adequate remedy at law, and that it was his duty and the law required of him when this order was made, that he enter an exception on the journal of the township trustees and prosecute a petition in error to this court to reverse or modify the decision of the township trustees, and in support of that proposition quite a number of authorities have been cited, which it is claimed settles this proposition; that it was the duty of the plaintiff in this case to file

---

*Affirmed by the Circuit Court, 11 C. C.—N. S., 347.

a petition in error; and the principal case relied upon is the case of *Haff* v. *Fuller*, 45 Ohio St., 495, wherein it was held:

"The final orders of township trustees, establishing ditches, drains, and water-courses, may be reviewed by petition in error, and reversed for errors apparent on the record. Such procedure, and not injunction restraining the construction of the ditch, drain or water-course, is the appropriate remedy for the correction of such errors; and the action for an injunction to restrain the construction of a ditch, for errors and defects in the proceedings of the trustees establishing the same, can not be maintained, where the only evidence to support the action is the ditch record, on which the errors and defects complained of appear."

When we come to look at this case, we find that it was an action brought to enjoin the trustees, and when it came to the trial of the case they introduced no evidence whatever. The matters complained of are:

1.    The petition for the ditch does not state that it will be conducive to the public health, convenience or welfare.

2.    The trustees made no finding that the petitioners filed a bond or gave notice of the pendency or hearing of the petition, nor that the ditch would be conducive to the public convenience or welfare.

3.    That the trustees lost jurisdiction during the hearing.

4.    One of the trustees was a brother of a petitioner for the ditch.

When it came to the trial of this case in the court of common pleas, judgment was rendered perpetually enjoining the construction of the ditch, and the defendants prosecuted error to obtain a reversal of that judgment. The only thing that was introduced was the record of the township trustees. No other evidence was offered, and it appeared that all those errors complained of were apparent on the record. One of the trustees was a brother of a petitioner for the ditch. There is no way of challenging a trustee as you can a juror. It has been held that where an auditor or county commissioner is a relative, and there is no provision to supply his place on the board, that that fact is not an error for which proceedings will be enjoined.

What does the court say? Reading from *Haff* v. *Fuller, supra,* page 498:

"In cases of that kind, if it be shown, contrary to what appears on the record, that the board or tribunal proceeded without jurisdiction, injunctions may be granted, for there is then no adequate remedy at law (*Anderson* v. *Hamilton County Commissioners,* 12 Ohio St., 635; *Hays* v. *Jones,* 27 Ohio St., 218). And where the judgment or order has been obtained by the fraud or misconduct of the party, or other circumstances of fraud, accident or mistake or the like are shown, it has been held that injunction restraining the execution of the judgment or order is a proper remedy (*Gifford* v. *Morrison,* 37 Ohio St., 502, 506; *Frevert* v. *Finfrock,* 31 Ohio St., 621, 627). But nothing of the kind is claimed in this case.

"We do not find it necessary to decide here whether the defects in the ditch record given in evidence by the plaintiff on the trial of the action in the circuit court, are such as to require or authorize the reversal of the order of the trustees establishing the ditch. He gave no evidence in support of his action but the record, and therefore whatever infirmities there were in the proceedings 'of the trustees, of which he sought to avail himself, were apparent on the record. If they were not of that substantial character which affected the validity of the proceedings, he was not entitled upon that proof to the perpetual injunction granted him. If they were of that character, they appeared on the face of the record, and the remedy by petition in error to reverse was open to him. Such a proceeding afforded a plain and adequate remedy, and no ground for interference by a court of equity by injunction was shown."

In that behalf there are two or three other cases of the same character. There is the case of *Anderson* v. *Hamilton County Commissioners, supra,* that was a petition in error. In that case it was claimed that, while the record on its face shows that the petition for the ditch was signed by twenty petitioners and presented to the commissioners and that notice had been given, it was averred that not twelve of those twenty were freeholders, and that in fact no notice had been given. An attempt was made to introduce testimony upon that claim to show that there were not twelve of those petitioners freeholders, and that notice had not actually been given, which the court refused to allow to be introduced. The case was then taken to the Supreme

Court, which merely hinted at the question as to whether a petition in error was the proper remedy; but the Supreme Court held that the court of common pleas erred in not allowing the plaintiff to show that there was not a petition signed by at least twelve freeholders, and no notice as prescribed by the statute. There was no finding in the record that these were freeholders; there was no copy of the notice in the record. You must observe that these two matters were jurisdictional facts. If the petition for the ditch was not signed by twelve freeholders and notice not given as required by law, the commissioners never obtained jurisdiction. The court held that question might be raised in a proceeding in error, and that therefore the court of common pleas erred in not allowing the plaintiff to show that the commsisioners never did obtain jurisdiction. You will find that when this case is referred to in subsequent decisions, the court called attention to the facts- that the errors for which it was reversed went to the jurisdiction of the court. The questions raised in this court do not go to the jurisdiction of the trustees at all. It is admitted that the trustees had jurisdiction; it is admitted that a proper petition was filed, that notice was given, that this plaintiff had notice and appeared before the trustees and attempted to assert his rights. Let us look at some other cases.

The court says in *Greene County Commissioners* v. *Harbine*, 74 Ohio St., 318, 327:

"In *Haff* v. *Fuller*, 45 Ohio St., 495, it is held that the final orders of the township trustees establishing ditches may be reversed by petition in error for errors apparent on the record; and that such procedure and not injunction is the appropriate remedy for the correction of such errors, and in the opinion it is said that the same rule applies to the final orders of county commissioners establishing ditches; that the rule has been applied where the errors so appearing render the proceedings void for want of jurisdiction.

"In the present case the want of jurisdiction does not arise from some error appearing on the record of the proceedings, but from want of power in the commissioners to act at all."

I will now call attention to the case of *Lewis* v. *Laylin*, 46 Ohio St., 663, 676:

"The principle decided in *Haff* v. *Fuller, supra*, applies equally as well to proceedings before county commissioners under the two-mile assessment pike laws, as to proceedings before township trustees under the ditch laws. In that case the action was directly to enjoin the construction of the improvement (a ditch), while in the case before us it was to enjoin the collection of an assessment to pay its cost, which latter action is authorized by chapter 13 of the code of civil procedure; but, in either case, it was the jurisdiction of the board and the regularity of the proceeding had before it, that were challenged; and the right of the party to do this in equity, can not depend upon his lying by until the improvement is substantially completed, and then seeking to accomplish by its aid what he could have done by a proceeding in error. The rule as laid down in 45 Ohio St., 495, at 497, is as follows: 'As a result of the rule that courts of equity do not entertain jurisdiction for the enforcement of rights, or the prevention of wrongs, when the legal tribunals are capable of affording redress, it is always a sufficient objection to the granting of an injunction, that the party aggrieved has a full and adequate remedy at law. In the application of the rule it is accordingly held, that courts of equity will not sit as courts of error, to revise and correct proceedings at law, or grant injunctions against judgments, because of errors in the proceedings, where proper relief can be had in the ordinary course of appellate procedure.' The omissions and irregularities, held by the circuit court to be errors invalidating the proceeding had before the county commissioners, were all apparent on the face, and for their correction there was provided a legal remedy by petition in error, and they were not proper predicates for equitable relief."

Now the difference between these cases and the case at bar is that the errors complained of are not jurisdictional facts, nor do they appear on the face of the record. Let us look at the case of *Hays* v. *Jones, supra*. The fourth paragraph of the syllabus is as follows:

"In cases arising under these road improvement statutes, where no remedy is named, and the jurisdiction of the board of county commissioners is made the question, proceedings in equity to inquire into the jurisdictional facts, and for injunction, is a proper remedy."

This matter was also examined in *Musser* v. *Adair*, 55 Ohio St., 466, 476:

"Reliance is placed upon *Haff* v. *Fuller*, 45 Ohio St., 495, and *Lewis* v. *Laylin,* 46 Ohio St., 663. These cases, as will be shown, must be confined to their particular facts. The first was a suit to enjoin the construction of a ditch. In such cases records are required to be made and kept of their proceedings; and it was there held that a proceeding in error is the proper remedy, where the defects complained of are apparent on the face of the record, and that injunction is only proper where they do not, and have to be supplied by averment. The same may be said of *Lewis* v. *Laylin.* It grew out of a road improvement under the two-mile law; and the assessments were questioned on irregularities in the proceedings, and averments made of matters *aliude* the record. The only evidence introduced of the irregularities charged, was the record itself; these the court regarded as of no consequence, and remarked that the case could be disposed of for this reason on the decision of the former case. In *Genin's Excr.* v. *Belmont County,* 18 Ohio St., 534, no question was made or considered by the court as to the review of the proceedings of the auditor on error. The question passed *sub silento,* and the case is therefore not authority on the point.

"Authority for a proceeding in error in such cases is based upon the clause in Section 6708, Revised Statutes, conferring jurisdiction in error on the court of common pleas to review the judgments of justices of the peace and probate courts; and by which it is extended to 'any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the court of common pleas.' This clause of the section, so far as it relates to ministerial officers, is open to the objection on which *Logan Branch Bank, ex parte,* was decided. This case is sound in principle, and should not be departed from further than has been done in the two preceding cases. The above clause in Section 6708 can not be applied to cases coming within the provisions of Section 5848, Revised Statutes, affording a remedy by injunction against the collection of illegal taxes and assessments. On well settled principles of construction, the provisions of this section must be excepted out of the generality of the language used in Section 6708. If not, a statute, highly remedial, would, in a measure, be emasculated."

Now, what are the facts in this case, which is admitted to be in court upon the question of assessment of benefits? There is no question that the proceedings are not regular. Where and how could the plaintiff file a petition in error? It has been decided and so stated by the Supreme Court in nearly all these cases (and it is a question to which there can be no contest),

that if an assessment is improperly and corruptly made, or if it is made by fraud or mistake, it may deprive a man of his property without giving him any remedy whatever, if he has no remedy by application to a court of equity. The Constitution says you can not take his property without giving him compensation. How is the compensation fixed in the first instance? If it is a township road or township ditch, it is fixed by the trustees; if a county road or county ditch, by viewers appointed by the commissioners. He has an appeal from this decision to the probate court, where he may have a jury. Therefore that provision of the Constitution is complied with. He can have that appeal, but when it comes to the matter of assessment (and that may be either in requiring a party to pay a certain amount of money, or construct a certain portion of the improvement) there is no appeal given him whatever, if he is not satisfied with that. The only thing left for him is an application to a court of equity, and in one of those decisions it is said that right is given him outside of any statute. It is a constitutional right and you can not deprive him of it.

Suppose for instance in the location of a ditch or road, the trustees and the appraisers should conspire together and would say, "You need not allow him any compensation." Suppose the trustees would say, "You need not allow him any compensation for land taken;" he can take his appeal in that matter and have a jury come out and assess it, but we will fix him in another way; we will allow him a good round compensation and his damages, but wait until you come to the construction of the road and then we will settle with him; we will settle the compensation with him in assessing benefits." What remedy has he? His only remedy is by application to a court of equity. That matter was fully settled in *Blue* v. *Wentz,* 54 Ohio St., 247. My attention is called to the fact that the petition in this case is practically, so far as the facts can be applied, copied from *Blue* v. *Wentz, supra.* There had been the same proceedings. The court in that case says, page 255:

"The right which the higher tenement has to require the lower one to receive from it surface water that naturally drains

to and upon it, is a right incident to the higher tenement, and a part of the property of the owner in it; and for any invasion of this right the law will afford him a remedy (Washburn, Easements, 23, 211, 336; *Tootle* v. *Clifton,* 22 Ohio St., 247; *Butler* v. *Peck,* 16 Ohio St., 334; *Crawford* v. *Rambo,* 44 Ohio St., 279, 284; *Kauffman* v. *Griesemer,* 26 Pa. St., 407). The reason for this usually given, and generally accepted, is that water is naturally descendible, so that, in the course of nature, water must flow from a higher to a lower level, and the owner is entitled to enjoy his property with such natural advantages as are derived from its situation.''

And again on page 256, the court says:

''The petition of the plaintiffs makes a case for relief; and, if the facts are as stated in the petition, the assessments should be enjoined. Or if some benefits are conferred on the lands of the plaintiffs by the improvement for which, within the principles before stated, they may be assessed, power is conferred on the court by Section 4491, Revised Statutes, to set aside the assessments and cause such apportionment of the cost and expenses to be made, as is required by the facts of the case.''

After carefully examining the matter, I am satisfied that, while jurisdictional facts appear on the record, yet under the allegations of the petition and the state of the proceedings, the proper remedy is by injunction and the demurrer will be overruled.

Exceptions noted by defendants.